UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL |
| VERSUS | NO. 89-087 |
| ROBERT RICH | SECTION: "J" |

**TRANSFER ORDER**

Defendant, ROBERT RICH, has filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 in which he is challenging the constitutionality of his 1989 conviction and sentence. To support his challenge, defendant asserts the following grounds for relief:

1) The jury verdict was based on a flawed and invalid indictment devoid of any mention of manufacturing amphetamine;

2) The conviction was obtained by the prosecution's knowing use of perjured testimony.

A review of this Court's record reflects that defendant has filed a prior § 2255 motion related to this same conviction and sentence. In that motion, filed June 8, 1993, defendant raised the following grounds for relief:

1) The conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant;

2)   The conviction was obtained in violation of defendant's right to be present in the courtroom at every stage of the trial;

3)   Petitioner was constructively denied his right of appeal by an inaccurate and incomplete trial record;

4)   Petitioner was denied effective assistance of counsel at trial and pre-trial proceedings;

5)   Petitioner was denied effective assistance of counsel pre-trial;

6)   Petitioner was denied effective assistance of counsel on appeal;

7)   Judgment as to Count 1 was rendered without jurisdiction;

8)   The conviction was obtained in violation of the fundamental right to be tried before a fair and impartial judge;

9)   The conviction was obtained by the knowing use of perjured and coached testimony;

10)  The cumulation of errors set forth in the petition created a denial of due process.

The motion was dismissed with prejudice on the merits by Judgment entered February 2, 1994. Rec. Doc. No. 485. Defendant appealed. The United States Fifth Circuit Court of Appeals affirmed. United States v. Rich, 58 F.3d 637 (5th Cir. 1995) (unreported opinion) (Rec. Doc. No. 491).[1]

The motion presently before the Court is considered to be a second or successive motion as described in 28 U.S.C. §§ 2244 and 2255. In order to overcome the prohibition against the filing

---

[1] In July 1996, Rich filed a Rule 60(b) Motion for Relief from the Judgment dismissing his 28 U.S.C. § 2255 Motion to Vacate. Rec. Doc. No. 495. The Court construed the Rule 60(b) Motion as a successive motion pursuant to 28 U.S.C. § 2255, and dismissed it without prejudice as premature, by Judgment entered February 28, 1997. Rec. Doc. No. 506. Rich appealed the judgment. The United States Fifth Circuit Court of Appeal affirmed the ruling. United States v. Rich, 141 F.3d 550 (5th Cir. 1998). The United States Supreme Court denied Rich's petition for a writ of certiorari. Rich v. United States, 526 U.S. 1011, 119 S.Ct. 1156 (1999).

of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by this District Court, the defendant must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255.  Until such time as defendant obtains said certification, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that defendant's motion be construed in part as a motion for certification for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this District Court.

New Orleans, Louisiana, this __6th__ day of _____July_____, 2007.

_____
UNITED STATES DISTRICT JUDGE